UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHEN ZHANG (A-245-847-547),<br>Petitioner,<br>v.<br>TODD M. LYONS, et al.,<br>Respondents. | No. 1:26-cv-0257 DC AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former federal immigration detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241 while he was civilly detained by Immigration and Customs Enforcement ("ICE"). ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons discussed below, the undersigned recommends that the petition be granted and respondent's motion to dismiss be denied.

I. Factual and Procedural History

Petitioner, a native and citizen of China, entered the United States in or around October 2023 and has resided here with his family ever since. ECF No. 1 (Verified Petition) at 5, 11. Petitioner has no criminal history. Id. at 11. In September 2025, petitioner was arrested by Immigrations and Customs Enforcement ("ICE") at his apartment, when ICE was conducting a raid at another apartment. Id. at 11. Following his arrest and transfer to California City Detention Facility, he was denied a bond hearing based on the immigration court's conclusion

that it lacked jurisdiction because petitioner was an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Id. at 12.

Shortly after the court received petitioner's petition for writ of habeas corpus, ECF No. 1, petitioner filed a motion for temporary restraining order in which he reasserted that his prolonged detention without a bond hearing violated his procedural due process rights. ECF No. 6. The court issued a briefing order on the motion, directing a response and ordering that the response

> shall substantively address whether any provision of law or fact in this case would distinguish it from this court's decisions in Selis Tinoco v. Noem, et al., 1:25-cv-01762-DC-JDP [818 F. Supp. 3d 1141] (E.D. Cal. Dec. 14, 2025) and D.L.C. v. Wofford, No. 1:25-cv-01996-DC-JDP, [2026 WL 25511] (E.D. Cal. Jan. 5, 2026), and other similar cases decided by this court, or indicate that the matter is not substantively distinguishable.

ECF No. 7.

In response, respondents filed a combined motion to dismiss the petition and an opposition to petitioner's motion for injunctive relief. ECF No. 11. In their response, respondents conceded there were no material differences between this case and D.L.C. and "acknowledge[d] the weight of authority is not in their favor," but argued that petitioner "is an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)" and "there is no such liberty interest." Id. at 2-3. Respondents opposed the motion for temporary injunction and the petition on the same basis, and did not oppose the court ruling on them simultaneously. Id. at 2. In reply, petitioner argued that 8 U.S.C. § 1226(a), not § 1225(b), is the default detention statute that applies to noncitizens in standard removal proceedings. ECF No. 12.

In light of respondents' concession that this case is not substantively distinguishable, the court granted the motion for temporary restraining order based on the court's reasoning in Selis Tinoco and D.L.C., and ordered petitioner's immediate release, prohibited respondent from imposing any additional restrictions upon him unless determined necessary at a future pre-deprivation/custody hearing, and if the government sought to re-detain petitioner, required the government to provide petitioner no less than 7 days' notice and to hold a pre-deprivation hearing before a neutral arbiter at which petitioner's eligibility for bond must be considered. ECF No. 13.

The court also issued a preliminary injunction on the same terms. Id.

The undersigned issued a further briefing order, directing respondents to show cause why the petition should not be granted by filing a return, and afforded petitioner an opportunity to reply. ECF No. 14. Respondents filed an opposition to the petition. ECF No. 17. Petitioner did not reply. The case is deemed submitted.

## II. Analysis

### A. Overview

The petition asserts two grounds for relief. Ground One alleges that petitioner's detention without a bond hearing violates his rights under the INA. ECF No. 1 at 6-7, 9-10, 12-13. Ground Two alleges that petitioner's detention without a bond hearing violates his procedural due process rights under the Fifth Amendment Due Process Clause. Id. at 13-14. By way of relief, petitioner seeks a writ of habeas corpus mandating his release or that he be provided a bond hearing pursuant to 8 U.S.C. § 1226(a) within 14 days, Equal Access to Justice Act ("EAJA") fees and costs, and any other relief deemed just and proper. Id. at 15.

Citing Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026), Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953), and Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 139 (2020), respondent's opposition reasserts "[p]etitioner is . . . an 'applicant for admission' who is subject to mandatory immigration detention under 8 U.S.C. § 1225(b)(2)(A)" and argues that petitioner does not have a right to freedom from immigration detention. ECF No. 17 at 1-2. Respondents further object to the court granting a permanent injunction that places any restrictions on re-detention. Id. at 2.

### B. Ground One – Violation Under the INA

The Ninth Circuit recently resolved the parties' dispute with respect to the governing detention statute for noncitizens such as petitioner. In Rodriguez Vazquez v. Bostock, the Ninth Circuit held that "noncitizens present without admission who are apprehended in the interior of the United States"—like petitioner—"are subject to the detention regime of § 1226(a) not § 1225(b)(2)(A)." 183 F.4th 1160, 1165, 1193 (9th Cir. 2026). For the past year, this court has maintained the same. Lepe v. Andrews, 801 F. Supp. 3d 1104 (E.D. Cal. 2025); see also Selis

Tinoco, 818 F. Supp. 3d at 1149-51; Alvarez Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948, at *3-4 (E.D. Cal. Feb. 23, 2026). Adopting and incorporating the reasoning in those cases, the undersigned rejects respondents' argument to the contrary, finds petitioner's detention under § 1225(b)(2)(A) and resultant deprivation of notice and a bond hearing pursuant to § 1226(a) was unlawful, and recommends that the petition be granted on petitioner's INA claim.

C. Ground Two

As the undersigned recently set forth in Garcia Flores and Ramirez Godinez, when a noncitizen has established a liberty interest in remaining free from custody and is entitled to the procedural protections of § 1226(a), it is a violation of the noncitizen's procedural due process rights for the government to detain the noncitizen without providing those procedures. Garcia Flores v. Warden, No. 1:26-cv-5387 DC AC, 2026 WL 2494915, at *3-4 (E.D. Cal. Aug. 25, 2026) (applying the analytical framework of Mathews v. Eldridge, 424 U.S. 319 (1976) and finding petitioner's detention violated procedural due process); Ramirez Godinez v. Warden of the California City Detention Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251, at *2-5 (E.D. Cal. Aug. 21, 2026), report and recommendations adopted, 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026) (same). The undersigned adopts and incorporates the reasoning in these cases and on the record of this case 'finds: (1) petitioner has a protected liberty interest in remaining free from unlawful detention and a substantial private interest in his freedom from detention in light of the life he has built in the United States for the past three years; (2) the risk of erroneous deprivation and the probative value of additional procedural safeguards is high and concerning because petitioner is entitled to the procedures under 8 U.S.C. § 1226(a) and it's implementing regulations and has not been afforded any of these procedures; and (3) that, although the government has an interest in enforcing its immigration laws, its interest in detaining petitioner without the procedural safeguards to which he is entitled under § 1226 is minimal, if it exists at all.

The undersigned rejects respondents' sole argument in response to petitioners due process claim—that Mezei and Thuraissigiam establish that petitioner's rights are limited to those

provided by Congress. ECF No. 17 at 2. As explained in Ballen-Ramirez, "Thurassigiam's holding is inapplicable in a § 2241 habeas petition because petitioner is not challenging his admissibility into this country, he is challenging the constitutionality of his detention" and "Thuraissigiam is also materially distinguishable because petitioner was permitted to pass through our gates and is a person who has been living within the United States for years and as such entitled to Due Process under Zadvydas v. Davis, 533 U.S. 678, 687 (2001)." Ballen-Ramirez v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-2971 DAD AC, 2026 WL 1329861, at *6 (E.D. Cal. May 13, 2026).

The Ninth Circuit also recently rejected the government's broad reading of Thuraissigiam. Padilla v. U.S. Immigr. & Customs Enf't, No. 24-2801, ___ F.4th ___, 2026 WL 2822044 (9th Cir. Sept. 21, 2026). In doing so, the court explained Thuraissigiam "extended the entry fiction [from Mezei] a *tiny bit*—to an individual apprehended immediately after entry within 25 yards of the border," but did not extend to "individuals well within the country's borders and present for days, weeks, months, or years." Id. at 11-14 (emphasis added). The Ninth Circuit further explained that Thuraissigiam was a case concerning due process rights regarding "admission," not "detention." Id. at *16-19. After an extensive analysis of Thuraissigiam and Mezei, the Ninth Circuit held in Padilla that "contrary to the government's contention," "[n]oncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Clause." Id. at 10-19. The undersigned therefore recommends that the petition also be granted on petitioner's due process claim.

D. Remedy

When a noncitizen has been deprived of his constitutional and/or statutory right to a bond hearing in the manner described above, this court has held that such violation requires, in addition to release, an injunction against re-detention absent pre-deprivation procedures, including notice and a pre-detention hearing before an immigration judge at which respondents will bear the burden of demonstrating a change in circumstances that justifies such detention. See Ramirez Godinez, 2026 WL 2455251, at *5 (recommending a permanent injunction based on a finding that respondents violated the noncitizen's due process rights in detaining him and collecting

cases); Mayen v. Warden, California City Detention Center, No. 1:26-cv-2354 DAD AC, 2026 WL 1067525 (E.D. Cal. Apr. 20, 2026), report and recommendations adopted, 2026 WL 1158217 (Apr. 29, 2026) (recommending a permanent injunction be entered based on a finding that petitioner was detained in violation of the INA). The undersigned finds no reason to deviate in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on the Fifth Amendment procedural due process claim and the Immigration and Nationality Act ("INA") claim.

2. The court DECLARE that petitioner's re-detention in September 2025 violated petitioner's rights under the Fifth Amendment Due Process Clause and the INA.

3. Respondents be permanently ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

4. Respondents' motion to dismiss (ECF No. 11) be DENIED.

5. Petitioner's request for attorney's fees and costs be DENIED WITHOUT PREJUDICE to bringing a properly noticed and supported motion.

6. All other pending motions, if any, be DENIED as MOOT.

7. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local

Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 25, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC/lt:zhan0257.imm.grant.f&r.CJRA