UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZHEN ZHANG (A-245-847-547),

Petitioner,

v.

TODD M. LYONS, et al.,

Respondents.

No. 1:26-cv-0257-DC-AC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF Nos. 11, 19)

Petitioner, a federal immigration detainee, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 25, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. ECF No. 19. Respondents filed objections, stating respondents object "for the reasons previously stated in Respondents' opposition." ECF No. 20. Respondents further maintain their prior position that 8 U.S.C. § 1225(b)(2)(A) governs petitioner's detention yet recognize that Ninth Circuit precedent holds that § 1226(a) applies here and petitioner is entitled to a custody redetermination hearing. Id. (citing Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026)).

Respondents' arguments were addressed and rejected by the magistrate judge in this case

and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 19) are ADOPTED;

2. Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED on the Fifth Amendment procedural due process claim and the Immigration and Nationality Act ("INA") claim;

3. Petitioner's re-detention in September 2025 violated petitioner's rights under the Fifth Amendment Due Process Clause and the INA;

4. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decisionmaker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's

eligibility for bond must be considered;

5. Respondents' motion to dismiss (ECF No. 11) is DENIED;

6. Petitioner's request for attorney's fees and costs is DENIED WITHOUT PREJUDICE to bringing a properly noticed and supported motion; and

7. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 30, 2026**

Dena Coggins
United States District Judge